IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| GLORIA S. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 15-cv-02774-JDT-tmp |
| DIANE K. VESCOVO, Chief | ) |
| United States Magistrate | ) |
| Judge, | ) |
| | ) |
| Defendant. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

On November 30, 2015, *pro se* plaintiff Gloria S. Jackson filed a complaint against the Honorable Diane K. Vescovo, Chief United States Magistrate Judge for the Western District of Tennessee. (ECF No. 1.) On the same day, Jackson also filed an application to proceed *in forma pauperis*, which the court subsequently granted. This case has been referred to the undersigned United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the following reasons, it is recommended that this case be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915(e)(2)(B)(iii).

I. PROPOSED FINDINGS OF FACT

On November 30, 2015, Gloria Jackson filed this *pro se* complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983. In her complaint, Jackson alleges that Chief Magistrate Judge Vescovo wrongfully favored the City of Memphis (the "City") in two employment discrimination lawsuits that Jackson had previously filed against the City in 2010 and 2015, styled Gloria S. Jackson v. City of Memphis (Case No. 10-cv-2856-SHM-dkv, Western Dist. of Tenn., complaint filed Nov. 12, 2010) and Gloria S. Jackson v. City of Memphis (Case No. 15-cv-2313-SHM-dkv, complaint filed May 11, 2015).[1] In Case No. 10-cv-2856, Jackson, proceeding *pro se* and *in forma pauperis*, alleged that the City failed to employ her, failed to promote her, fired her, and harassed her due to her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401(a)(1) ("THRA"). Jackson also alleged that the City retaliated against her for filing a race-discrimination complaint against the City's Sanitation Division in May 1989, in violation of Title VII's anti-retaliation provision, 42 U.S.C. §

---

[1] The court takes judicial notice of the official proceedings in Case Nos. 10-cv-2856 and 15-cv-2313, the docket sheets and filings of which are of public record. Passa v. City of Columbus, 123 F. App'x 694, 697 (6th Cir. 2005); New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003); Cobb ex rel. Mallardi v. Tenn. Valley Authority, 1 F. Supp. 3d 864, 867 (W.D. Tenn. 2014).

2000e-3(a). Finally, Jackson alleged a state-law claim of defamation against the City. On April 26, 2013, the City filed a motion seeking summary judgment as to all claims in the complaint. Jackson did not file a response to the motion. On July 1, 2013, Chief Magistrate Judge Vescovo submitted a twenty-page report and recommendation, which set forth the following findings of fact:

> On September 29, 1986, Jackson was hired by the Memphis Division of Sanitation Services as a City Service Fee Inspector. On December 8, 1988, the City terminated her for incompetence, failure to maintain harmonious working relationships, and insubordination. On December 9, 1988, Jackson appealed her termination to the City of Memphis Civil Service Commission, which, on January 30, 1989, unanimously upheld the termination. Jackson has not worked for the City since her termination on December 8, 1988. On May 16, 1989, Jackson filed a complaint in this court against the City of Memphis Sanitation Division, alleging incidents of race discrimination she claimed to have experienced while working there and retaliation. On or about April 16, 1992, Jackson's suit was dismissed at the conclusion of her proof.
>
> On or about November 10, 1989, Jackson was arrested for possession of crack cocaine by the Shelby County Sheriff's Office. On January 31, 1990, the charge was *nolle prosequi*. On or about September 16, 2004, Jackson was arrested a second time and charged with domestic assault. On September 24, 2004, this second charge was also *nolle prosequi*. Although both charges were dismissed, Jackson failed to have her record expunged following the dismissals of the charges.
>
> In February 2008, Jackson applied for a job with the Tate County School District in Senatobia, Mississippi. Jackson was fingerprinted as part of the application process. Subsequently, the Federal Bureau of Investigation ("FBI") Criminal Justice Information

> Services Division submitted its finding to the school
> district, which finding revealed the two arrests.
> After she learned about the FBI report, Jackson
> visited the Shelby County District Attorney General's
> office. There, Jackson spoke with an unidentified
> female, but Jackson did not receive the FBI report
> from anyone with the City of Memphis. Thereafter,
> Jackson received a copy of the report from Tate County
> School District personnel.[2]

(Case No. 10-cv-2856, ECF No. 33 at PageID 167-168.) Chief Magistrate Judge Vescovo recommended granting the City's motion on Jackson's age discrimination claims because: (1) Jackson admitted in her deposition that she had no evidence supporting a claim of age discrimination; and (2) notwithstanding her admission, Jackson failed to present any evidence that she was a member of a protected class, she failed to show that she was qualified for the position (the City terminated her for incompetence), and she failed to introduce any evidence that she was replaced by someone outside of her protected class or that she was treated differently from someone similarly situated. (Id. at PageID 175-76.) Moreover, Chief Magistrate Judge Vescovo found that any potential ADEA claim was time-barred (the alleged discriminatory acts occurred in 1989, yet Jackson

---

[2]Chief Magistrate Judge Vescovo explained in the report and recommendation that even though Jackson failed to respond to the City's motion for summary judgment, "the court will not grant the motion solely because the plaintiff has failed to respond but will instead examine the defendant's filings to ensure that the defendants have established their entitlement to summary judgment in this case." (Case No. 10-cv-2856, ECF No. 33 at PageID 171.)

claimed she filed her EEOC charge in 2010) and that Jackson failed to demonstrate that she had exhausted her administrative remedies. (Id. at PageID 177.) As to the retaliation claim, Chief Magistrate Judge Vescovo found that Jackson failed to present any evidence that the City took an adverse employment action against Jackson. Finally, Chief Magistrate Judge Vescovo found that Jackson produced no evidence of any defamatory statement made by the City, and that Jackson in fact conceded the accuracy of her prior arrests contained within her background check. (Id. at PageID 182.) Based on these findings, Chief Magistrate Judge Vescovo recommended that the City's motion for summary judgment be granted. The report and recommendation notified the parties that they had fourteen days to file written objections, and that failure to file objections could constitute a waiver of objections, exceptions, and further appeal.

Jackson did not file any objections to the report and recommendation. On August 6, 2013, the district judge entered an order and a separate judgment adopting the report and recommendation in its entirety and granting the City's motion for summary judgment. On August 30, 2013, Jackson filed an appeal of the district court's judgment. On February 18, 2014, the Court of Appeals for Sixth Circuit affirmed the judgment. Jackson petitioned the Sixth Circuit for rehearing, which the

court denied on March 28, 2014. On April 11, 2014, Jackson filed a petition for writ of certiorari with the United States Supreme Court. That petition was denied by the Supreme Court on October 6, 2014. Jackson later filed another notice of appeal in the district court, which was dismissed by the Sixth Circuit.

On May 11, 2015, Jackson filed Case No. 15-cv-2313. Jackson, proceeding *pro se* and *in forma pauperis*, again alleged unlawful retaliation by the City in violation of Title VII. In the section of the court-supplied complaint form which called for the "facts" of the case, Jackson stated the following:

> I was an employee of the City of Memphis, TN during 1986-1989. I was forced to filed [sic] charges with the EEOC for employment discrimination. The City of Memphis Sanitation Dept. retaliated by reporting damaging information to the FBI; which was reported to prospective employers since 1989, flagging me and hindering and stopping my consideration for employment. I received word in form of FBI criminal background report in 2010. I filed my original charge then. I have reason to believe they are (the City) still making this report.

(Case No. 15-cv-2313, ECF No. 1 at PageID 4-5.) On May 22, 2015, Chief Magistrate Judge Vescovo, pursuant to Administrative Order 2013-05, conducted a screening of the complaint under 28 U.S.C. § 1915(e)(2). She found that Jackson had failed to exhaust her administrative remedies as to her claim of retaliation because Jackson claimed she received her right-to-sue letter from the EEOC in December 2010, yet she did not file her complaint until May 11, 2015 - well outside the 90-day

period required by 42 U.S.C. § 2000e-5(f)(1). (Id. at PageID 23-24.) Chief Magistrate Judge Vescovo further found that Jackson's complaint was barred by the doctrine of *res judicata*, based on the prior dismissal and multiple denials of her appeals in Case No. 10-cv-2856. (Id. at PageID 27.) Thus, Chief Magistrate Judge Vescovo recommended that the complaint be dismissed *sua sponte* for failure to state a claim. Jackson filed objections to the report and recommendation on June 3, 2015. (Id. at ECF No. 5.) On November 13, 2015, the district judge overruled Jackson's objections, adopted the report and recommendation in its entirety, and entered judgment dismissing the case. (Id. at ECF Nos. 12 & 13.) Jackson subsequently filed a notice of appeal, and the case is currently pending before the Sixth Circuit.

In this latest lawsuit (Case No. 15-2774-JDT-tmp), Jackson requests that Chief Magistrate Judge Vescovo be removed from her prior cases (even though, as discussed above, those cases have been dismissed and are no longer pending in this district court). Jackson also requests that the court order Chief Magistrate Judge Vescovo to pay damages for "mental anguish, hardship and duress."

## II. PROPOSED CONCLUSIONS OF LAW

A.  Standard of Review

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii). In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket

assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it

would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.")

**B.   Judicial Immunity**

Although Jackson's complaint cites to § 1983, the vehicle through which a plaintiff may vindicate violations of his or her constitutional rights against federal officials acting under color of federal law is an action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The court therefore construes this action as arising under Bivens. Although Bivens authorizes lawsuits against federal employees in their individual capacity for alleged civil rights violations, it is well settled in the Sixth Circuit that federal judges are afforded absolute immunity from requests for injunctive and other forms of equitable relief, as well as from claims for damages. Ward v. U.S. Dist. Court for the W. Dist. of Tenn., No. 14-2707-JDT-dkv, 2015 WL 137204, at *1 (W.D. Tenn. Jan. 8, 2015) (citing Kipen v. Lawson, 57 F. App'x 691, 691 (6th Cir. 2003)); see also Newsome v. Merz, 17 F. App'x 343, 345 (6th Cir. 2001). Judges are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by

dissatisfied litigants. Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. Mireles v. Waco, 502 U.S. 9, 11–12 (1991); Barnes, 105 F.3d at 1116. Judicial immunity exists "even if the judge acts erroneously, corruptly, or in excess of his or her jurisdiction." Marshall v. Bowles, 92 F. App'x 283, 285 (6th Cir. 2004) (citing Mireles, 502 U.S. at 11).

Chief Magistrate Judge Vescovo's actions clearly were judicial in nature and were taken well within the subject matter jurisdiction of this court. Thus, Jackson's claims seeking damages and equitable relief are barred by the doctrine of judicial immunity. As such, Jackson's complaint fails to state a claim on which relief may be granted. See Newsome, 17 F. App'x at 345 (dismissing plaintiff's claim against federal magistrate judge alleging that he improperly favored the defendants in his judicial rulings on the basis of absolute judicial immunity); Ward, 2015 WL 137204, at *1 (dismissing case against federal district judge on the basis of absolute judicial immunity because there was "no evidence proffered, nor plausible

claim suggesting, that [the judge] was without jurisdiction to decide the matters or that [he] acted outside [his] judicial capacity") (internal citation and quotation marks omitted).

## C. Certification of Appealability

Upon the recommendation that Jackson's complaint be dismissed pursuant to 28 U.S.C. § 1915, the court may further consider whether Jackson should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the undersigned

to recommend dismissal of this case also compel the conclusion that an appeal would not be taken in good faith. It is therefore recommended that the court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Jackson would not be taken in good faith and Jackson may not proceed on appeal *in forma pauperis*.

### III. RECOMMENDATION

For the reasons above, it is recommended that Jackson's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915(e)(2)(B)(iii). Additionally, it is recommended that the court certify that any appeal in this matter by Jackson would not taken in good faith and that leave to proceed *in forma pauperis* on appeal be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. Pham
United States Magistrate Judge

January 27, 2016
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY=S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**